IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL MADRAZO** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 18-0427 |
| **v.** | : | |
| | : | |
| **WELCOME HOTEL GROUP, LLC**, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                              APRIL 25, 2018

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a motion to transfer venue to the United States District Court for the District of New Jersey filed by Defendants Welcome Hotel Group, LLC, and Edison Holdings NJ, LLC (collectively, "Defendants"), on the basis of *forum non conveniens* pursuant to 28 U.S.C. §1404(a). [ECF 5]. Plaintiff Paul Madrazo ("Plaintiff") opposes the motion. [ECF 6]. The issues raised in the motion have been fully briefed and are now ripe for disposition. For the reasons set forth herein, Defendants' motion to transfer is granted.

## BACKGROUND[1]

Plaintiff, a resident of Harrisburg, Pennsylvania, filed a complaint in the Philadelphia Court of Common Pleas which asserted negligence claims against three defendants, Welcome Hotel Group, LLC, Edison Holdings NJ, LLC, and Wyndham Hotels and Resorts, LLC.[2] [*See* ECF 5-5, Compl. at pp. 2-17]. Each of the negligence claims is premised on an alleged slip and fall that occurred at a hotel located in Trenton, New Jersey, owned and/or controlled by the

---

[1]    The facts set forth herein are taken from Plaintiff's complaint and the declarations and other evidence submitted with each party's respective briefs.

[2]    According to all parties, Wyndham Hotels and Resorts, LLC, has been voluntarily dismissed. [*See* ECF 6, at p. 8].

named defendants. [*See id*.]. Defendants Welcome Hotel Group, LLC, and Edison Holdings NJ, LLC, both of which maintain their principal places of business in Edison, New Jersey, removed the matter to this Court on the basis of diversity jurisdiction. [ECF 1]. Defendants then filed the underlying motion to transfer venue pursuant to 28 U.S.C. §1404(a) for *forum non conveniens*.

**LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a). The purpose of transferring venue under §1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In determining whether transfer is appropriate, "the district court is vested with wide discretion," *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973), consistent with federal law. *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 877-78 (3d Cir. 1995).

Analysis of a request for transfer under §1404(a) generally has two components. First, both the original venue and the requested venue must be proper. *Jumara*, 55 F.3d at 878. Hence, venue is proper "(1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where personal jurisdiction may be had over any defendant if no other venue is proper." *Park Inn Intern., LLC v. Mody Enters., Inc*., 105 F. Supp.2d 370, 375 (D. N.J. 2000) (summarizing the statutory venue requirements of 28 U.S.C. §1391(a)). If venue is proper, the court must then undertake a balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum. *Jumara*, 55 F.3d at 879; *Coppola v. Ferrellgas, Inc.*, 250 F.R.D.

195, 197 (E.D. Pa. 2008). Although there is no definitive formula or specific list of the factors to consider, when determining whether a transfer is warranted, a court should weigh existing relevant private and public interests in its decision process. These interests are the following:

> The private interests include[]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests include[]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (citations omitted).

The party seeking the transfer bears the burden of establishing the need for the transfer. *Id.* at 879.[3] "Transfer is not warranted, however, if the result is merely to shift the inconvenience from one party to the other." *DermaMed, Inc. v. Spa de Soleil, Inc.*, 152 F. Supp. 2d 780, 783 (E.D. Pa. 2001). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'" *Penn Mut. Life Ins. Co. v. BNC Nat. Bank*, 2010 WL 3489386, at *8 (E.D. Pa. Sept. 2, 2010) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

---

[3] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." *Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL 2660351, *4 (E.D. Pa. Oct. 2005).

**DISCUSSION**

As noted above, and contrary to the suggestion in Plaintiff's response, Defendants seek transfer of this matter to the District of New Jersey pursuant to the *forum non conveniens* provision, 28 U.S.C. §1404(a), *only,* and not pursuant to §1406.[4] As to the threshold inquiries required under §1404(a), this Court finds that venue is proper in this District because Defendants have effectively waived any argument that venue in this District is improper.[5] In addition, this matter could have been brought in the District of New Jersey since all Defendants reside in New Jersey and "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. 28 U.S.C. §1391(b)(1)-(2).

Notably, Plaintiff does not dispute that this case could have been brought in the District of New Jersey. As described above, Plaintiff's claims arise out of a slip and fall that occurred at a hotel in Trenton, New Jersey. As such, because "a substantial part of the events or omissions giving rise to [Plaintiff's] claims occurred" in the District of New Jersey, venue is proper in that District. *See* §1391(b)(2). Having made this determination, this Court will now consider the

---

[4]   In his response, Plaintiff incorrectly contends that Defendants filed the underlying motion to transfer venue pursuant to ***both*** 28 U.S.C. §1406(a) and 28 U.S.C. §1404. [*See* ECF 6 at p. 7]. Plaintiff is mistaken. As can be gleaned from Defendants' motion, Defendants seek transfer of this matter only pursuant to the *forum non conveniens* provision of §1404(a).

[5]   Improper venue is a waivable defense. Fed. R. Civ. P. 12(h). To preserve a challenge regarding improper venue, a defendant must raise the issue in a responsive pleading. Fed. R. Civ. P. 12(b)(3). If the responsive pleading does not challenge improper venue, the defense is waived. *Id*. at 12(h). Further, where a defendant does not "interpose timely and sufficient objection to the venue," the district court retains jurisdiction, even if the venue would otherwise be improper. 28 U.S.C. §1406(b). Here, Defendants have not moved to dismiss this matter for improper venue pursuant to Rule 12(b)(3), nor have they raised improper venue as an affirmative defense. Instead, they filed the underlying motion to transfer venue pursuant to §1404(a) for *forum non conveniens*, in which they properly outline the legal prerequisite that venue be proper in the original forum. In addition, Defendants filed a reply memorandum which again stated the legal prerequisite for a *forum non conveniens* motion and did not challenge Plaintiff's argument that venue was proper in this District. Under these circumstances, this Court finds that Defendants have waived improper venue, thereby making venue in this District proper. *See Farley v. Cernak*, 2016 WL 162238, at *2-*3 (E.D. Pa. Jan. 13, 2016).

*Jumara* private and public factors to determine whether the convenience of the parties and witnesses and the interest of justice weigh in favor of transfer.

## PRIVATE FACTORS

As indicated, the private factors include the plaintiff's forum preference as manifested in the original choice; the defendant's forum preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

### *Plaintiff's Choice of Forum*

Although a plaintiff's choice of venue is generally given deference, the plaintiff's choice is not dispositive and receives less weight when none of the operative facts occurred in the selected forum. *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197-98 (E.D. Pa. 2008); *Rowles v. Hammermill Paper Co., Inc.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) (holding that "plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum."). When "the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Cancer Genetics, Inc. v. Kreatech Biotechnology B.V.*, 2007 WL 4365328, *5 (D. N.J. Dec. 11, 2007). A plaintiff's forum choice also receives "considerably less weight" where "the plaintiff chooses a forum which is not his home." *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003) (citing *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 256 (1981)).

Here, the Eastern District of Pennsylvania is not Plaintiff's home forum; rather, Plaintiff is a resident of Harrisburg, Pennsylvania, which is located in the Middle District of Pennsylvania. In addition, and as described above, the operative facts relevant to Plaintiff's claims all occurred in Trenton, New Jersey. Since this forum does not have any connection with the operative facts of the lawsuit, and Plaintiff does not reside in this District, Plaintiff's choice of venue in this District is not afforded the usual strong preference or weight. *Siegel*, 255 F. Supp. 2d at 457.

*Defendants' Forum Preference*

Defendants have identified the District of New Jersey as their preferred forum. As noted, each of the Defendants maintains its principal place of business in New Jersey. In addition, Plaintiff's negligence claims arise out of a slip and fall that occurred in a hotel located in Trenton, New Jersey. As such, in light of the significant relationship between Defendants and the facts underlying Plaintiff's negligence claims and the state of New Jersey, Defendants' forum choice of the District of New Jersey weighs in favor of transfer.

*Whether the claim arose elsewhere*

The third factor – where a majority of events giving rise to the claim arose – also weighs in favor of transfer. As set forth, all of the events underlying Plaintiff's negligence claims occurred in New Jersey. As such, this factor weighs in favor of transfer to the District of New Jersey.

*Convenience of the parties as indicated by their
relative physical and financial condition*

As noted, Defendants are limited liability companies, both of which maintain their principal places of business in Edison, New Jersey, while Plaintiff resides in Harrisburg, Pennsylvania. In addition, the underlying slip and fall occurred at Defendants' hotel in Trenton,

New Jersey. Obviously any travel by representatives from Defendants' principal places of business in Edison and/or from the Trenton-located hotel at which the alleged slip and fall occurred and the costs associated therewith would be less than the costs associated with Defendants' travel from these locations in New Jersey to Philadelphia, Pennsylvania. Though Plaintiff lives in Harrisburg, Pennsylvania (a location that has no connection to the events underlying Plaintiff's negligence claims), the distance between Harrisburg and Trenton[6] is 126 miles, while the distance between Harrisburg and Philadelphia is 106 miles; a mere 20-mile difference. This factor weighs in favor of transfer.

*Convenience of witnesses*

The convenience of witnesses "is a particularly significant factor in a court's decision whether to transfer." *Idasetima v. Wabash Metal Prods., Inc*., 2001 WL 1526270, *2 (E.D. Pa. Nov. 29, 2001). Fact witnesses "'who possess[] firsthand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis.'" *Coppola*, 250 F.R.D. at 199 (quoting *Affymetrix, Inc. v. Synteni, Inc*., 28 F. Supp.2d 192, 203 (D. Del. 1998)). However, under *Jumara*, this factor is only to be considered to the extent the witnesses may actually be unavailable for trial in one of the fora. *Jumara*, 55 F.3d at 879. Considering Defendants are all located in either Edison or Trenton, New Jersey, and the alleged slip and fall occurred in a hotel in Trenton, New Jersey, it is likely that most witnesses, if not all witnesses other than Plaintiff, will be located in the Trenton area of New Jersey. Defendants, however, have made no attempt to show that any anticipated witnesses would be unavailable for a trial in Philadelphia, Pennsylvania. Moreover, pursuant to Federal Rule of Civil Procedure

---

[6] The United States District Court for the District of New Jersey consists of three divisions, one in Trenton, one in Newark, and one in Camden. Under governing local rules, it is likely that if this matter was transferred to the District of New Jersey, it would be assigned to the Trenton division. *See* Dist. Ct. of N.J., L. R. 40.1(a).

45(c)(1)(a),[7] witnesses located in or around Trenton and/or Edison, New Jersey, could be compelled to attend a trial in this Court. Under these circumstances, this factor is neutral.

### *Location of books and records*

As to the final private factor, the location of books and records, "[t]echnical advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis. . . ." *Lomanno v. Black*, 285 F. Supp.2d 637, 647 (E.D. Pa. 2003). Thus, unless hard copies of documents are necessary to this litigation, this factor has a neutral effect.

## PUBLIC FACTORS

*Jumara* describes the public interest factors to include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive*;* the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

### *Enforceability of judgment*

Neither party addresses the enforceability of judgment factor. Notwithstanding, it does not appear that a judgment by this Court would be unenforceable in New Jersey or, vice versa, that a judgment by the District Court of New Jersey would be unenforceable in Pennsylvania. Thus, this factor is neutral since both courts have the ability to enforce any judgments rendered.

### *Practical considerations that could make the trial easy, expeditious or inexpensive*

As set forth above, most, if not all, of the facts underlying Plaintiff's alleged slip and fall claims occurred at the hotel located in Trenton, New Jersey. As a result, most of the witnesses

---

[7] Rule 45(c)(1)(a) provides a district court authority to compel witnesses to attend a trial located within 100 miles of the person's residence, employment, or regular place of business. Because Trenton is situated within 100 miles of Philadelphia, Pennsylvania, it is likely that most witnesses will be within this Court's trial subpoena authority.

(with the exception of Plaintiff, who does not live in this District) are likely to be located in or around Edison or Trenton, New Jersey, making a trial in that forum easier, more expeditious and less expensive. Thus, this factor weighs in favor of transfer.

*Relative administrative difficulty in the two fora resulting from court congestion*

Neither party has addressed the issue of court congestion. "Although the relative congestion of court dockets may be evaluated in a motion to transfer, it generally is not a factor worth of great weight." *Penda Corp. v. STK, LLC*, 2004 WL 2004439, at *3 (E.D. Pa. Sept. 7, 2004). This factor will, therefore, be deemed neutral.

*Local interest in deciding controversies at home and the public policies of the fora*

While Pennsylvania certainly has an interest in protecting its citizens from the effect of the negligent acts that cause them injury outside this Commonwealth, the operative facts underlying the dispute at the heart of this matter occurred in Trenton, New Jersey. In addition, Defendants maintain their principal places of business in New Jersey. Thus, the State of New Jersey also has a significant interest in the parties' underlying disputes. This Court finds that this factor weighs in favor of transfer.

*Familiarity of the trial judge with the applicable state law in diversity cases*

Because the operative facts underlying Plaintiff's negligence claim occurred in New Jersey, it is likely that New Jersey law will govern Plaintiff's claims. *See e.g.*, *Ramey v. Wal-Mart, Inc.*, 967 F. Supp. 843, 845 (E.D. Pa. 1997) (holding under Pennsylvania choice-of-law analysis that New Jersey law applied to a Pennsylvania plaintiff's negligence claims premised on underlying slip and fall that occurred in New Jersey); *Ladenheim v. Starr Transit Company, Inc.*, 242 F. Supp.3d 395, 405-06 (E.D. Pa. 2017) (holding under Pennsylvania choice-of-law analysis that New Jersey law applies to a Pennsylvania plaintiff's negligence claim against New Jersey

defendants premised on bus accident occurring in New Jersey); *Lebegern v. Forman*, 471 F.3d 424, 433-35 (3d Cir. 2006) (affirming application of New Jersey law under New Jersey choice-of-law analysis to claims premised on car accident occurring in New Jersey); *Worster-Sims v. Tropicana Entertainment, Inc.*, 2014 WL 4978588, at *5-6 n.5 (D. N.J. Oct. 6, 2014) (holding under New Jersey's choice-of-law analysis that New Jersey law applies to negligence claim premised on conduct that occurred in New Jersey). While district courts are frequently called upon to interpret and apply the law of a state other than that in which they sit, when considering a motion to transfer venue, a "diversity case should be decided by the court most familiar with the applicable state law." *Coppola*, 250 F.R.D. at 201-02. This factor, therefore, weighs in favor of transfer.

**CONCLUSION**

After weighing all of the *Jumara* private and public factors, this Court finds that for the convenience of the parties and witnesses and in the interest of justice, a transfer to the District of New Jersey is warranted. Therefore, Defendants' motion to transfer venue is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.